# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRINTFLY CORPORATION d/b/a** | : | |
| **RUSHORDERTEES.COM,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **DEKEO INC.** *et al.*, | : | **No. 20-732** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                            JUNE 16, 2020

As part of a global settlement agreement between the parties, Plaintiff Printfly Corporation moves to seal the record of this case, and no defendant opposes that motion. Printfly has failed to meet the heavy burden that must be carried with such a motion even in the absence of opposition. Thus, the Court denies the motion.

### BACKGROUND

After Printfly filed an amended complaint alleging claims arising under the Lanham Act and Pennsylvania common law in the Philadelphia Court of Common Pleas, Dekeo Inc. and another defendant removed the action to this Court. Shortly thereafter, Defendants moved to dismiss the amended complaint.

Before Printfly's time to respond to the motion had expired, the parties reached a global settlement agreement resolving the disputes at issue in this action as well as those in three other disputes pending in Delaware, Singapore, and Canada. As part of the terms of the settlement, the parties agreed to move to seal the pleadings in both the Philadelphia Court of Common Pleas and this Court. Accordingly, Printfly has moved to seal the entire record of this case. Defendants have a filed a succinct reply in support of Plaintiff's motion.

## LEGAL STANDARD

There is a strong presumption of public access to judicial records. *See In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir.2001). A party seeking to overcome that presumption and "seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "A party who seeks to seal an *entire* record faces an even heavier burden." *Id.*

"In delineating the injury to be prevented, specificity is essential." *In re Cendant Corp.*, 260 F.3d at 194 (citing *Publicker*, 733 F.2d at 1071). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* "Careful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993).

## DISCUSSION

The parties here ask the Court to seal the record ostensibly in order to protect their privacy interests, commercial standing, and professional reputation. They claim that "[s]pecifically, the Amended Complaint and exhibits provide information that links Defendants' pricing strategies, search engine optimization strategies, and competitive tactics with a competitor's industry insights which are otherwise nonpublic." Mot. to Seal 4. The parties argue that Defendants have a legitimate interest in sealing this material to ensure their competitive standing is not harmed, protect them from copycat litigation from other competitors, and to protect the privacy of current and former employees who were named in the amended complaint as potential witnesses. They

ask the Court to seal not just the pleadings, but also even Defendants' notice of removal and motion to dismiss, as well as all accompanying exhibits.

Sealing the entire record as the parties request would be improper because the parties have only identified broad allegations of potential generic harm without the specificity required. "Documents containing trade secrets or other confidential business information may be protected from disclosure," *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993), and "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Comms.*, 435 U.S. 589, 597 (1978). However, the parties have not directed the Court to specific examples of the alleged pricing strategies, search engine optimization strategies, and competitive tactics contained in the pleadings, nor have they narrowly tailored their sealing request to protect only this type of information. *See, e.g., LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (noting that a party's "vague assertions that the transcript contains 'secretive business information,' and that disclosure would 'render [the party] at a tactical disadvantage'" were "insufficient, on their own, to establish a strong interest in maintaining confidentiality"). Reliance on the vague threat of potential harm to Defendants' competitive standing or the amorphous possibility of a copycat litigation, without further specificity, also fails to identify how disclosure would work a *clearly defined* and serious injury. *See In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 678–79 (3d Cir. 2019) (explaining that "blanket assertions of harm that 'could' come to fruition fall short of the clearly defined and serious injury that [a party] must articulate to obtain sealing under any standard").

The Court notes that Defendants filed their notice of removal on February 10, 2020, and motion to dismiss on February 18, 2020. These papers and accompanying exhibits were filed

3

absent any requests at the time to seal them from public access. Only now, as part of the parties' settlement agreement, have the parties "agreed to make best efforts to seal the pleadings in both the Philadelphia Court of Common Pleas and in the United States District Court for the Eastern District of Pennsylvania due to the potential harm to the privacy interests, commercial standing, and professional reputation of the Defendants." Mot. to Seal 2.

The Court commends the parties' efforts and ultimate success in reaching a global settlement agreement. Presumably such a settlement is in the best interests of all concerned. However, "the generalized interest in encouraging settlements does not rise to the level of interests that [the Court of Appeals for the Third Circuit has] recognized may outweigh the public's common law right of access." *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 346 (3d Cir. 1986). This is particularly applicable where, as here, the parties have agreed to the settlement terms regardless of the outcome of the motion to seal.

In the absence of a specifically enumerated and clearly defined harm that may befall any litigant or third party should the public continue to have access to the record, which it has enjoyed since the removal of this matter, the Court concludes that Printfly has failed to meet the heavy burden to seal the entire record of this case.

## CONCLUSION

For the foregoing reasons, the Court denies the motion to seal without prejudice. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

4